# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 689 | **DATE** | 4/2/2004 |
| **CASE TITLE** | USA vs. CARLOS VILLASENOR, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER ORDER. Defendants John Joseph Dominguez and Manuel Rodriguez have moved for a severance. Their motions are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 05 2004 date docketed | |
| | Notified counsel by telephone. | | | 278 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RJ | courtroom deputy's initials | 2004 APR -2 PM 2: 27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03 CR 689 |
| ) | |
| CARLOS VILLASENOR, et al., ) | Honorable Joan B. Gottschall |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants John Joseph Dominguez and Manuel Rodriguez have moved for a severance. Their motions are denied.

The indictment in this case alleges a drug conspiracy with an individual named Magin Villasenor ("Magin") at its center. Magin allegedly was supplied with drugs by, among others, John Joseph Dominguez, and he supplied drugs to, among others, Manuel Rodriguez. Both defendants contend that the evidence as to their involvement is modest and that, in a joint trial, the large amount of evidence as to their codefendants' criminal conduct will "spillover" and prejudice the jury's adjudication of their responsibility. Both also contend that when the evidence as to other persons' criminality is so disproportionate to theirs, the jury will be unable properly to "compartmentalize" the evidence, to the prejudice of these relatively less involved individuals.

With respect to Dominguez, the issue is not a close call. The complaint filed in this case, a 146 page review of primarily wiretap evidence, suggests that between December 21, 2002, and



June 2004, there were approximately 10 telephone conversations with Dominguez and central figures in the alleged conspiracy, as well as approximately two other conversations about him, arguably relating to narcotics trafficking. While Dominguez does not appear to have been a central figure or leader in the alleged conspiracy, his apparent involvement was repetitive and continued over an extended period of time. Both because the drug conspiracy alleged is not complex and because Dominguez' involvement appears to have been substantial (even if only wiretap evidence is considered) the court sees little likelihood of "spillover" or juror confusion.

With respect to Rodriguez, the evidence described in the complaint is sparse. All that the court can find is apparent drug involvement in one transaction over two days and one possibly related telephone conversation a few days later. On March 17, 2003, following a phone conversation that the government contends was about drug-dealing, Magin is seen taking a bag into Rodriguez' house and exiting without it. On the following day, Magin and Rodriguez have a phone conversation which the government contends involved a report by Rodriguez that someone had looked at the cocaine and approved it. In this conversation, Rodriguez told Magin he could give him some, but not all, of the money that afternoon. On March 20, Magin asked to see pictures of the drugs (the government contends) and Manuel said he did not have them. Magin asked to get drugs and they agreed to speak later. The concern here is that Manuel's involvement in drug dealing, if drug dealing was what was going on, may have been an isolated instance rather than as part of the alleged conspiracy.

While based on the indictment and the complaint it appears that the evidence concerning most of the other defendants is far more substantial than this modest evidence concerning Rodriguez, the court does not believe a severance as to Rodriguez is justified. The government

seeks to prove that Rodriguez was part of the entire charged conspiracy, not just one drug deal, and to prove its conspiracy charge would likely have to present much of the same extensive evidence that Rodriguez wishes to avoid at a severed trial. Thus, it is unlikely that little time or effort would be saved by trying Rodriguez separately. More important, the court sees little likelihood of jury confusion or evidence "spillover." The alleged conspiracy is simple in design as is the substantive conduct alleged. The court sees no reason why a properly instructed jury will not be able to understood what Rodriguez is alleged to have done and what evidence there is to support those allegations. Similarly, presented with that evidence, as well as the evidence of other defendants which the government will argue demonstrates the existence of a single overarching conspiracy, the court sees no reason why the jury should not be able to determine Rodriguez' involvement in that overarching conspiracy without any appreciable risk of confusion.

Defendant Rodriguez' reliance on *United States v. DiNome*, 954 F.2d 839 (2d Cir. 1992) is misplaced. In *DiNome,* defendants Wayne and Judith Hellman were tried along with many other defendants on a charge of a wide-ranging RICO conspiracy, involving a large number of violent and vicious acts. At the close of the government's case, they were acquitted of the RICO charges and the trial continued, over their request for a mistrial, on limited mail and wire fraud charges, as well as a charge of extortion which the district court also set aside. The Second Circuit held that once the RICO charges against the Hellmans were dismissed, "all but an infinitesimal fraction of the evidence at this sixteen-month trial lost any relevance to the mail and wire fraud charges against them." 954 F.2d at 844. In this circumstance, "the Hellmans should have been severed for a separate trial on the mail and wire fraud counts" which "could have been

completed in a very short period of time, with the risk of spillover prejudice entirely omitted." *Id.* at 845. With respect to those defendants as to whom there was sufficient evidence of membership in the larger RICO conspiracy, the wide-ranging evidence in support of this charge, even though much of it involved conduct by fewer than all the defendants, was relevant "and most probably would have been admitted even if defendants had been accorded individual trials." *Id.* at 843-44. In this situation in contrast to that of the Hellmans, there is no legitimate "spillover" issue that separate trials would eliminate. *Id.* at 843.

In short, the court fails to see how severing Rodriguez will achieve any appreciable efficiencies and fails to see how trying him jointly with the other defendants will create any appreciable risk of unfair prejudice. Of course, should the government fail to prove the conspiracy charge against Rodriguez, *DiNome* counsels that the court should look again at the severance issue with respect to the substantive charges against Rodriguez.

The motions to sever are therefore denied.

ENTERED:

JOAN B. GOTTSCHALL
United States District Judge

DATE: April 2, 2004

4