# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| | ) Case No. 03 CR 689 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| MANUEL RODRIGUEZ, et al | ) |
| | ) |

## MEMORANDUM OPINION & ORDER

A jury convicted Manuel Rodriguez of a two-count violation of 21 U.S.C.§ 843(b) for utilizing a telephone to facilitate a felony drug crime. Rodriguez now moves for permission to remain free on bond pending his appeal in the Seventh Circuit pursuant to 18 U.S.C. § 3143(b), which requires the court to order Rodriguez detained unless it finds that (1) there is clear and convincing evidence that the defendant is not likely to flee or pose a risk of danger to the safety of any other person or the community, (2) the appeal is not for the purpose of delay, and (3) the appeal raises a substantial question of law or fact likely to result in reversal. *See* 18 U.S.C. § 3143(b). The government concedes that Rodriguez is not a flight risk or a danger to the community, but contends Rodriguez has not satisfied the second and third standards, arguing that the appeal was brought for the purposes of delay because Rodriguez will be deported[1] following his sentence of incarceration, and that his appeal raises legal issues that are well-settled.

The government cites no case supporting its position that a defendant's post-incarceration deportation may – on its own – support a finding that an appeal is brought for the purpose of delay. Absent any precedent so holding, the court declines to adopt the inference that Rodriguez's

---

[1] Rodriguez was deported on a previous occasion and subsequently re-entered the United States without authorization.

deportation motivated the filing of his appeal. The only remaining question, then, is whether the appeal "raises a substantial question of law or fact likely to result in reversal." *See* 18 U.S.C. § 3143(b)(B). The Seventh Circuit teaches that a "substantial question" is a "'close' question or one that very well could be decided the other way." *See United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir. 1985).

The court has reviewed its prior ruling and remains convinced that its denial of Rodriguez's motion for acquittal was well-reasoned and correct. Moreover, it appears that in the instant motion (and presumably the appeal) Rodriguez relies on precisely the same arguments and precedents raised in the motion for acquittal which the court rejected over three years ago. Even so, the court's ruling turns on its analysis of wire-tap evidence that was admittedly coded and ambiguous. *See* Ruling at 3 (Doc. No. 590). And while the court distinguished that evidence from the evidence which supported acquittal in *United States v. Townsend*, 924 F.2d 1385 (7th Cir. 1991) – Rodriguez's linchpin case – the Seventh Circuit may see the record and *Townsend*'s applicability to that record differently: that is the role of an appellate court. While the facts supporting the court's denial of Rodriguez's acquittal are, in its view, stronger than those presented in *Townsend* (where the defendant's "role was confined to bringing [drug purchasers] together") (*id*. at 1403) they are less clear than the facts in *United States v. McGee*, 408 F.3d 966 (7th Cir. 2005) (where the parties to the drug transaction discussed quantity, price and set a location to meet in uncoded language). Accordingly, the court finds that the question Rodriguez presents is sufficiently "close" that the Seventh Circuit may reach a different conclusion.

Finally, the court notes that Rodriguez's sentence is so brief (incarceration for a year and one day) that a denial of Rodriguez's bond request would render any victory he attained in the Seventh Circuit pyrrhic, as his sentence would likely end prior to a ruling on the merits of his appeal.

## **CONCLUSION**

The court grants Rodriguez's Motion for Bond Pending Appeal.

        ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: October 23, 2009